**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-80743-BLOOM/Reinhart**

SREAM, INC. and
ROOR INTERNATIONAL BV,

          Plaintiffs,

v.

MUNJAL CORPORATION

          Defendant.                    /

_____

<u>**ORDER ON MOTION  FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES**</u>

        **THIS CAUSE** is before the Court upon Defendant Munjal Corporation's ("Defendant") Motion for Leave to Amend Affirmative Defenses, ECF No. [43] (the "Motion"). Defendant seeks leave to amend its Answer to include a new affirmative defense of non-mutual defensive collateral estoppel.  The Court has reviewed the Motion, the record, and is otherwise fully advised.  For the reasons set forth below, the Motion is denied.

      Leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.'"  *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "However, leave to amend is by no means automatic.  The decision to grant or to deny leave to amend is within the discretion of the

trial court." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).[1]  The Court has the inherent authority to control its own docket by entering orders setting the course of conduct for the proceedings in trial.  *See Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994).  Accordingly, a party "seeking leave to amend … after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).  "This good cause standard precludes modification unless the schedule[d] [deadline] cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  A court properly denies a motion to amend a pleading based on a finding that a party demonstrated a "lack of diligence in pursuing her claim" or exhibited "unexplained tardiness." *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241; *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

The deadline for Defendant to amend the pleadings was October 1, 2018.  *See* ECF No. [15].  Despite the untimeliness of its request more than five months after the deadline, Defendant argues it should be permitted to amend its Answer because the issue became ripe on February 7, 2019, upon the District Court entering Final Judgment in *Sream, Inc. and Roor International BV v. The Smokers Edge, LLC d/b/a The Smokers Edge*, Case No. 9:18-cv-80545-DMM/BRANNON.  But that the purported basis of the proposed new affirmative defense arose on February 7, 2019, does not explain why Defendant first sought to assert the new affirmative defense on March 22, 2019. Defendant's failure to seek leave to amend until more than six weeks later — after the close of discovery and within two months of the beginning of the scheduled trial period – amounts to undue delay that precludes a finding of good cause.   *See Oravec v. Sunny Isles Luxury Ventures, L.C.,*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

Case No. 18-cv-80743-BLOOM/Reinhart

527 F.3d 1218, 1232 (11th Cir. 2008) (explaining that a plaintiff did not establish good cause by stating that it did not know about the jurisdictional defects of its claims until notified of those defects by the district court after the deadline for amending pleadings).

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Leave to Amend Affirmative Defenses, **ECF No. [43]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 25, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

3